IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ORVILLE LEWIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:07CV219-HEH |
| | ) |
| COMMONWEALTH OF VIRGINIA, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION
(Granting Defendant's Motion to Dismiss and Denying
Plaintiff's Motion for Leave to Amend the Complaint)

This matter is before the Court on Defendant Commonwealth of Virginia's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, who is proceeding *pro se* and *in forma pauperis*, has not responded to Defendant's Motion, but instead filed a Motion for Leave to Amend the Complaint. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will grant Defendant's Motion and will deny Plaintiff's Motion.

I. Background

Plaintiff Orville Lewis, Jr. filed this action on April 25, 2007 seeking an injunction and a restraining order after the Commonwealth of Virginia and various agencies allegedly made unlawful prejudgment seizures from Plaintiff's Federal Civil Service

Retirement for the balance of an unpaid medical bill. In September of 2003, the University of Virginia Medical Center ("UVAMC") filed a warrant in debt against Plaintiff in the Albemarle General District Court ("Albemarle GDC"). In 2004, UVAMC obtained a judgment for the balance due on the medical bill, but Plaintiff argues that the Albemarle GDC did not reduce the balance by the prejudgment seizures previously taken. In 2007, it appears that Plaintiff sought a review of the judgment and wage garnishment proceedings that had been recently instituted. Plaintiff again argued that the balance due in 2007 had not been reduced by any of the funds seized in 2004 and also that the balance was now greater than the judgment rendered in 2004. The Albemarle GDC did not require Defendants to take any action in response to Plaintiff's complaints. Defendant contends that the principal amount owed by Plaintiff has been reduced by tax set-offs and is now $1,628.32, plus accrued interest.

Plaintiff asks that this Court invalidate the Virginia Debt Collection Act procedures, the Setoff Debt Collection Act procedures, and the post judgment garnishment procedures permitted by the Virginia Code because they violate the Due Process Clause and also the Supremacy Clause of the United States Constitution. Plaintiff further requests that this Court quash his summons in garnishment and return all of the funds seized from him. On June 26, 2007, Plaintiff filed a Motion for Leave to Amend the Complaint. Plaintiff has not responded to Defendant's June 8, 2007 Motion to Dismiss, which included a *Roseboro* notice. *See Roseboro v. Garrison*, 528 F.2d 309

(4th Cir. 1975).

## II. Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(1), the party asserting jurisdiction, the plaintiff in this case, has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* "[T]he nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks omitted). The complaint need not assert "detailed factual allegations," but must contain

3

"more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 1964–65. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Martin*, 980 F.2d at 952.

### III. Analysis

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989) (citing *Welch v. Tex. Dept. of Highways & Pub. Transp.*, 483 U.S. 468, 472–73 (1987)). Defendant has not waived its immunity in this case and is thereby an improper party to this suit. Therefore, the case must be dismissed.

Even if this Court were to allow Plaintiff to amend his Complaint and name specific state and county employees as defendants rather than the "Commonwealth of Virginia," the lawsuit is still an inappropriate action to bring in federal court. Defendant is correct in its assertion that Plaintiff's lawsuit boils down to an attack on a state court judgment rendered against him. A federal court is prohibited from hearing such a case. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923) ("If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state

courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication."). In light of this Court's lack of jurisdiction over this matter, allowing Plaintiff the opportunity to amend his Complaint would be futile. *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987). Plaintiff's Motion for Leave to Amend his Complaint will be denied and the action will be dismissed.

## IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Complaint will be granted. Plaintiff's Motion for Leave to Amend the Complaint will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 11th day of July 2007.
Richmond, VA

5